UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SAYSOUK M.,
A# 025-130-516

                     Petitioner,

        v.

WARDEN OF CALIFORNIA CITY
DETENTION FACILITY, et al.,

                     Respondents.

No. 1:26-cv-00637-TLN-SCR

**ORDER**

This matter is before the Court on Petitioner Saysouk M.'s [1] ("Petitioner") First Amended Petition for Writ of Habeas Corpus.  (ECF No. 12.)  Respondents filed an answer.  (ECF No. 13.) Petitioner filed a reply.  (ECF No. 14.)  For the reasons set forth below, Petitioner's First Amended Petition for Writ of Habeas Corpus (ECF No. 12) is GRANTED.

**I.    FACTUAL BACKGROUND**

Petitioner is a forty-six-year-old man who was born in the Nongkhai Refugee Camp in

---

[1]    As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only his first name and last initials, to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

Thailand.  (ECF No. 12 at 5.)  He first arrived in the United States in 1982 with his parents as refugees.  (*Id.*)  Petitioner's parents are of Laotian descent.  (*Id.*)  Petitioner's parents are now citizens of the United States, as are his siblings.  (*Id.*)  Petitioner has no claim to citizenship in any country.  (*Id.*)

In 2014, Petitioner was convicted of possession of drug paraphernalia in Hawaii.  (*Id.*)  For the offense, Petitioner was imprisoned until 2019.  (*Id.*)  On August 3, 2017, Petitioner was placed in removal proceedings in Hawaii.  (*Id.*)  Petitioner applied for asylum *pro se*, his application was denied, and Petitioner was ordered removed to Thailand by an Immigration Judge.  (*Id.*)  Thailand, however, has refused to accept Petitioner because there is no evidence of citizenship.  (*Id.*)  Petitioner was then sent to finish his term of imprisonment in Hawaii.  (*Id.*)

In 2020, Petitioner was arrested for breaking and entering in Arizona.  (*Id.*)  He was imprisoned until 2023.  (*Id.*)  After his release, he was sent to an immigration detention facility for a week until he was released.  (*Id.*)

In February 2024, Petitioner was arrested and incarcerated until October 2025.  (*Id.*)  Immediately upon his release from incarceration in October 2025, Petitioner was taken into custody by Immigration and Customs Enforcement ("ICE") and detained in the California City Detention Center.[2]  (*Id.*)  Petitioner has been in ICE detention since October 2025.  (*Id.*)

On January 24, 2026, ICE provided Petitioner with notice of its intent to remove Petitioner to Laos.  (*Id.*)  On March 2, 2026, the Laotian government issued a travel document for Petitioner.  (ECF No. 19-1 at 3.)

On March 3, 2026, Petitioner filed the instant First Amended Petition for Writ of Habeas Corpus, challenging the lawfulness of his civil detention and seeking immediate release or in the alternative, a bond hearing.  (*See* ECF No. 12.)

///

---

[2]    Despite Court order not to transfer Petitioner, Respondents transferred Petitioner to El Paso, TX.  (ECF No. 19-1 at 1.)  After the Court issues an order to show cause, Respondents contend Petitioner is being returned to a detention facility in California.  (ECF Nos. 19-1 at 2; 20 – 21.)  The Court has yet to receive a notice of compliance with the Court's order to return Petitioner to a detention facility within the Eastern District of California.

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    ANALYSIS

Petitioner argues his removal to Laos, without notice and opportunity to assert fear-based claims, would violate the Fifth Amendment Due Process Clause.[3]  (ECF No. 12 at 11.) Respondents do not address this argument but provide a notice of removal indicating ICE's intent to remove Petitioner to Laos (ECF No. 13-3 at 1) and a travel document for Petitioner from the Laotian government (ECF No. 19-1 at 3).

Removal to countries identified outside of initial removal proceedings are referred to as "third country removals." *Mendoza v. Lyons*, No. 1:25-CV-01650-DC-SCR (HC), 2025 WL

---

[3]    Petitioner also argues his removal to Laos, without notice and opportunity to assert fear-based claims, would violate the Immigration and Nationality Act ("INA") and the Convention Against Torture. Because the Court finds a due process violation, the Court does not address whether his removal would violate the INA or the Convention Against Torture.

Petitioner also argues his continued detention violates due process because his removal is not reasonably foreseeable under *Zadvydas v. Davis*, 533 U.S. 678 (2001). (ECF No. 12 at 8.) This argument was based on Respondents' failure to produce a travel document for Petitioner. (*Id.*) However, following a Court order, Respondents have since produced a travel document. (ECF No. 19-1 at 3.) In subsequent briefing, Petitioner appears to concede his removal is reasonably foreseeable and now only requests the Court order that a fear interview be conducted before any removal to Laos is effectuated. (ECF No. 22 at 2.) As such, the Court does not discuss this claim in detail.

3514126, at *7 (E.D. Cal. Dec. 8, 2025).  Notwithstanding the Department of Homeland Security's authority to effectuate third country removals, noncitizens may not be removed to countries where their "life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion," or where "it is more likely than not that [the noncitizen] would be tortured if removed to the proposed country of removal."  8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 208.16.

Here, Respondents notified Petitioner of its intent to remove him to Laos.  (ECF No. 13-3 at 1.)  However, there is nothing in the record indicating Petitioner was afforded an opportunity to assert fear-based protections claims with respect to Laos.  (ECF No. 12 at 12.)  Thus, without such an opportunity, Respondents' third-country removal procedures as applied to Petitioner violate his due process rights.  *See Mendoza*, 2025 WL 3514126 at *7 (citing *A.A.M. v. Andrews*, No. 1:25-cv-01514-DC-DMC, 2025 WL 3485219, at *9 (E.D. Cal. Dec. 4, 2025) ("Due Process requires that Petitioner receive a full and fair hearing of his fear-based claim in front of a neutral adjudicator.  This requirement is not satisfied by simply providing [p]etitioner the time and opportunity to file a discretionary motion to reopen his immigration proceedings."))); *see also Castillo v. Chestnut*, No. 1:25-CV-01296-SAB-HC, 2026 WL 121652, at *10 (E.D. Cal. Jan. 16, 2026); *Abubaka v. Bondi*, No. 25-CV-1889-RSL, 2025 WL 3204369, at *7 (W.D. Wash. Nov. 17, 2025); *Hernandez v. Bondi*, No. 1:25-CV-02020-EPG-HC, 2026 WL 350829, at *8 (E.D. Cal. Feb. 9, 2026).

Therefore, Petitioner's First Amended Petition for Writ of Habeas Corpus (ECF No. 12) is GRANTED.

**IV.    CONCLUSION**

Accordingly, IT IS HEREBY ORDERED:

1. Respondents shall IMMEDIATELY return Petitioner to a detention facility within the Eastern District of California.

2. Petitioner's First Amended Petition for Writ of Habeas Corpus (ECF No. 12) is GRANTED.

3. Respondents and their officers, agents, servants, employees, and persons acting on their

behalf in concert or in participation with them are further temporarily ENJOINED and RESTRAINED from removing Petitioner to Laos until they first allow him a meaningful opportunity to be heard on his fear-based claims before an immigration judge in compliance with due process.

4.  The Clerk of Court is directed to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: March 24, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

5