UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SAYSOUK M.,

                Petitioner,

     v.

WARDEN OF CALIFORNIA CITY
DETENTION FACILITY, et al.,

          Respondents.

No. 1:26-cv-00637-TLN-SCR
A# 025-130-516

**ORDER**

On March 25, 2026, the Court temporarily enjoined and restrained Respondents from removing Petitioner to Laos without first providing him with a meaningful opportunity to be heard on his fear-based claims before an immigration judge.  (ECF No. 23.)  On May 1, 2026, Respondents indicated Petitioner had not been provided with an opportunity to be heard on his fear-based claims due to "the lack of an existing procedure for presenting" such claims.  (ECF No. 28 at 1.)

Given Respondents' continued detention of Petitioner for nearly a month and a half after the Court's March 25, 2026 Order, the Court enjoined and restrained Respondents "from continuing to detain Petitioner for more than **seven (7) days** from the date of [the] Order [on May 6, 2026] without a meaningful opportunity to be heard on his fear based claims before an

1

immigration judge in compliance with due process." (ECF No. 29.)  On May 13, 2026, Respondents filed a document styled "Status Report Re: Notice of Compliance" indicating Respondents filed a motion with the immigration judge to reopen Petitioner's case and set a hearing, but no fear-based hearing had been set, and Petitioner was still detained.  (ECF No. 30.)

The federal courts' inherent power to punish noncompliance with its orders through contempt "'has been uniformly held to be necessary to the protection of the court from insults and oppressions while in the ordinary exercise of its duties, and to enable it to enforce its judgments and orders necessary to the due administration of law.'" *Bessette v. W. B. Conkey Co.*, 194 U.S. 324, 333 (1904) (quoting *Ex parte Fisk*, 113 U.S. 713, 714 (1885)).  "The ability to punish disobedience to judicial orders is regarded as essential to ensuring that the Judiciary has a means to vindicate its own authority without complete dependence on other Branches." *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 796 (1987).

While Respondents indicate that they "are prepared to immediately release the petitioner" (ECF No. 30 at 1) this willingness would not excuse noncompliance with the Court's directive to release Petitioner on May 13, 2026 if he had not received an opportunity to be heard on his fear based claims before an immigration judge in compliance with due process (ECF No. 29).  As of this date, Respondents have not confirmed Petitioner's release from detention.

Due to Respondents' continued detention of Petitioner for more than two months after the Court's March 25, 2026 Order and failure to provide Petitioner with a meaningful opportunity to be heard on his fear-based claims as directed, the Court ORDERS as follows:

1. Respondents shall IMMEDIATELY RELEASE Petitioner.

2. Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government bears the burden to show by clear and convincing evidence that material changed circumstances demonstrate: (a) a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's

constitutionally protected interest in remaining free from detention.  At any such hearing, Petitioner shall be allowed to have counsel present.

3. Respondents are ORDERED TO SHOW CAUSE, in writing, no later than June 19, 2026 as to why Respondents should not be sanctioned in the amount of $250.00 for failure to follow the Court's Order enjoining and restraining Respondents from continuing to detain Petitioner for more than seven (7) days from the Court's May 6, 2026 Order without providing Petitioner a meaningful opportunity to be heard on his fear based claims before an immigration judge in compliance with due process.

IT IS SO ORDERED.

DATED:  June 16, 2026.

Troy L. Nunley
United States District Judge

3